FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 OCT 17 PM 1:29
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 312-005 |
| | * | |
| JOHN M. BEASLEY | * | |

O R D E R

Presently pending before the Court in this criminal matter is a <u>pro se</u> motion filed by Defendant John M. Beasley requesting a "Judicial Recommendation Concerning Length of RRC/Halfway House Placement." Defendant is currently serving an 87-month term of imprisonment at FCI Yazoo City Low, Federal Correctional Institution, in Yazoo City, Mississippi. His projected release date is September 25, 2019.

Through his motion, Defendant asks this Court to recommend to the Bureau of Prisons that he be considered for the maximum pre-release stay of twelve months in a Residential Re-Entry Center ("RCC") under the Second Chance Act of 2007, 18 U.S.C. §§ 3621, 3624.

The Court concludes that Defendant is challenging the manner of execution of his sentence; thus, a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate legal vehicle to

challenge the BOP's decision regarding his RRC placement. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."). Moreover, a § 2241 petition must be filed in the district of confinement rather than in the sentencing court. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Thus, after exhausting his administrative remedies, Defendant must file a § 2241 petition in the Southern District of Mississippi to puruse the requested relief. This Court simply does not have jurisdiction over the matter; accordingly, his current motion requesting a judicial recommendation (doc. no. 91) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of October, 2018.

_____
UNITED STATES DISTRICT JUDGE

2